**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0635n.06
Filed: August 29, 2007

**Nos. 06-1695/1696**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DOUGLAS MILLER, | ) | |
| | ) | |
| Plaintiff-Appellee/Cross-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| LANZO HOLDING COMPANY; LANZO | ) | EASTERN DISTRICT OF MICHIGAN |
| CONSTRUCTION COMPANY; LANZO | ) | |
| CONSTRUCTION COMPANY, FLORIDA; | ) | |
| LANZO LINING COMPANY, MICHIGAN; | ) | |
| LANZO LINING COMPANY, FLORIDA; | ) | |
| and MOON ROOF CORPORATION OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants-Appellants/Cross- | ) | |
| Appellees. | ) | |

Before: MARTIN and DAUGHTREY, Circuit Judges, and SCHWARZER,[*] District Judge.

PER CURIAM. In this action for breach of contract, plaintiff Douglas Miller appeals from the district court's orders of summary judgment in favor of the defendants, a group of family-owned businesses collectively referred to in this opinion as Lanzo. In January 2000, Miller was employed by Lanzo as chief financial officer at a time when Lanzo's finances were in a state of some disarray. His compensation and benefits were set out in

---

[*]The Hon. William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

an employment contract and, shortly thereafter, the parties to that contract negotiated a severance agreement. The expectation was that Miller would reorganize all the economic and tax aspects of the Lanzo companies and put the businesses back on a sound financial track. After about six months, however, it became apparent to the owners that under Miller's guidance, the companies' financial affairs were continuing to deteriorate, and within two years Miller's employment was terminated for "poor performance." When the defendants refused to pay Miller the amounts that he believed were due under the terms of his employment and severance agreements, he brought this action for breach of contract. The defendants counterclaimed for fraud and silent fraud, claiming that Miller had misrepresented himself on his resume and in his interviews at the time he was hired.

The procedural history of litigation in this case is lengthy, although the legal issues on appeal are relatively straightforward. Prior to trial, the plaintiff filed a motion for summary judgment on the counterclaims and a motion for partial summary judgment for certain benefits under the agreements, including a 25 percent bonus payment for 2001, deferred compensation, payment for unused vacation days, and severance pay. The district court granted summary judgment to the plaintiff on the counterclaims but denied summary judgment on the other issues and, in fact, later granted summary judgment to the defendants on the claims for payment of the bonus and unused vacation days. That left only two issues as the case proceeded to trial: the plaintiff's claims for breach of the employment agreement with regard to unpaid deferred compensation and unpaid salary and the plaintiff's claim for breach of the severance agreement with regard to severance

benefits in "an amount equal to [his] earnings during the twelve month period" prior to termination.

After the close of evidence, the plaintiff made a motion for a partial "directed verdict" with respect to the defendant's liability on the severance agreement (but not the calculation of the amount due). After argument, the court granted the motion, ruling that the defendants had failed to establish the occurrence of any of the severance agreement's four forfeiture events that would have prevented the plaintiff from collecting severance benefits. The jury was therefore charged with determining, first, whether the defendants were liable for breach of the employment agreement regarding deferred compensation payments and unpaid salary and, if so, in what amounts and, second, the amount due to Miller under the severance agreement. The jury found that the defendants had not breached the employment agreement in either respect and awarded the plaintiff $242,680 plus interest, as the amount due under the severance agreement.

After the verdict, the plaintiff brought a partial motion for judgment not withstanding the verdict and an alternative motion for a new trial, arguing that a verdict should be directed in his favor regarding liability on the employment contract. The district court denied this motion, ruling that the plaintiff had failed to make a Rule 50(a) motion at the close of evidence and, therefore, had waived this argument and, in any event, that the motion would fail on its merits.

The plaintiff appealed, contending that (1) the district court erred in granting the defendants summary judgment on their liability for unused vacation time pursuant to the employment agreement; (2) the district court erred in granting the defendants summary judgment on the issue of the 25 percent year-end bonus for 2001, pursuant to the employment agreement; and (3) the district court erred in denying the plaintiff's motion for partial judgment notwithstanding the verdict and his alternative motion for new trial regarding liability for unpaid salary and deferred compensation pursuant to the employment agreement.

The defendants cross-appealed, arguing that (1) the district court erred in granting summary judgment to the plaintiff on the defendants' counterclaims for fraud and silent fraud; (2) the district court erred in limiting testimony concerning the alleged fraudulent misrepresentations in the plaintiff's resume and at his interviews; (3) the district court erred in excluding testimony of the plaintiff's job performance as irrelevant; and (4) the district court erred in directing a verdict for the plaintiff with regard to liability for breach of the severance agreement.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the defendants' counterclaims and in entering judgment on the jury's verdict. Nor do we find any basis for reversing the district court's determination that the payment of a bonus was entirely discretionary on the part of the employer, and we decline to disturb the grant

of summary judgment on this issue. Because the reasons for those rulings have been fully and correctly articulated by the district court in its orders dated April 29, 2005, June 16, 2005, and March 23, 2006, we conclude that a detailed re-analysis is unnecessary and affirm on the basis of the reasoning set out by the district court on each of those issues.

We find fault with the district court's decision only as to the one remaining issue. On appeal, Miller contends that the district court erred when it denied his motion for summary judgment with regard to compensation for 17 unused vacation days. We agree.

Under paragraph 11 of Miller's employment agreement, he was entitled to "4 weeks of vacation per year," at least some of which, he alleged, was unused in his second and last year at Lanzo. In addition, paragraph 10 of the contract provides that Miller was entitled to "participat[e] in all company benefit programs." Those benefit programs are listed in the Lanzo companies' employee handbook, section 3.15 of which includes a "paid time off" policy that provides as follows: "In the event that available [vacation days are] not used by the end of the benefit year, employees will be paid for the unused time bringing the benefit balance to zero." The district court nonetheless found that "the Lanzo Companies' business policies and Employee Handbook . . . do not provide compensation for unused vacation days." This ruling, however, contradicts the plain language of the relevant documents and is, therefore, incorrect.

The defendants do not contend that the employee handbook and its paid-time-off policy are inapplicable to Miller and, in fact, do not address Miller's argument on this issue

directly. Instead, they cite case law for the general proposition that under Michigan law, unused vacation days are not included in a determination of an at-will employee's "annual compensation." We conclude that this argument simply misses the mark. The employment agreement governed the parties' relationship and gave Miller the right to a certain amount of vacation time. In addition, the plain language of paragraphs 10 and 11 of his employment contract, which incorporated the companies' paid-time-off policy, entitled Miller to compensation for his unused vacation days. In the absence of a genuine issue of material fact regarding the applicability of that policy to Miller, we conclude that he is entitled to recover on this claim.

For the reasons set out above, we REVERSE that portion of the district court's judgment granting summary judgment to the defendants on the plaintiff's claim regarding compensation for unused vacation days and REMAND the case to the district court for calculation of the amount due the plaintiff on that claim. We AFFIRM the remainder of the district court's judgment.